UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCANDIES ROSE FISHING COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HENRY PAGH, <br><br> Defendant. | CASE NO. C18-672 RSM <br><br> ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss Declaratory Judgment Action. Dkt. #12. Defendant seeks to have this action dismissed or stayed pending resolution of his state court maritime action arising from the same underlying events. Plaintiff opposes the Motion. Dkt. #17. For the reasons stated below, the Court will partially grant Defendant's Motion and stay this matter.

## II. BACKGROUND

Defendant suffered two injuries while aboard the F/V Scandies Rose on October 29, 2017. Dkt. #12 at 2. Defendant and Plaintiff disagreed as to Defendant's maintenance rate[1] as a result

---

[1] Under general maritime law, an injured seaman is entitled to "maintenance"—food and lodging—and "care"—medical treatment—from the shipowner employing the seaman. *See* 1 ADMIRALTY & MAR. LAW § 6.28 (6th .ed.).

ORDER – 1

of the injuries. *Id.* Following discussions, the dispute appeared likely to result in litigation. Dkts. #12 at 3; #17 at 10.

Plaintiff initiated this action on May 9, 2018. Dkt. #1. Defendant filed an action in state court on June 4, 2018, asserting Jones Act, unseaworthiness, and maintenance and cure claims. Dkt. #13 at 7–9 (Ex. 1). Defendant asserts that this federal action was filed solely as a litigation strategy and the parties dispute whether the rate of maintenance—at issue in this case—should be decided separately from Defendant's state court action or whether all issues related to the October 29, 2017 injuries should be decided together in state court. Dkts. #12 and #17.

### III. DISCUSSION

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). As such, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Id.* at 282. The Declaratory Judgment Act, 28 U.S.C. § 2201, placed "a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Id.* at 288. The Ninth Circuit has identified many non-exclusive considerations that should guide the district courts in weighing "concerns of judicial administration, comity, and fairness" to decide whether to exercise its power or defer to a parallel state court action. *Camberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991). Generally the district courts are to avoid endorsing a party's forum shopping, needless determinations of state law, duplicative litigation, piecemeal resolution of disputes, procedural fencing, and entanglement of the state and federal courts. *Principle Life Ins. Co. v. Robinson*,

394 F.3d 665, 672 (9th Cir. 2005) (citing *Am. States Ins. Co. v. Kearns*, 15 F.3d at 142 (9th Cir. 1994); *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998)).

Defendant argues that in circumstances such as this—where both a federal court declaratory judgment action regarding maintenance and cure and a state court action asserting Jones Act claims are pending—courts consider whether to exercise jurisdiction differently than in "normal" declaratory judgment actions. Dkt. #12 at 7 (citing *Royal Caribbean Cruises, Ltd. v. Whitefield*, 664 F. Supp. 2d 1270, 1276 (S.D. Fla. 2009) and *Lady Deborah, Inc. v. Ware*, 855 F. Supp. 871, 875 (E.D. Va. 1994)). Defendant relies upon the "saving to suitors" clause, 28 U.S.C. § 1333, which allows seamen to bring Jones Act claims in state court, and 28 U.S.C. § 1445, which prohibits the removal of state Jones Act claims to federal court, to argue that he has a right to have his Jones Act claims heard in state court. Dkt. #12 at 7–8. Further, Defendant further points to a seaman's entitlement to a jury trial on maintenance and cure claims when brought with Jones Act and unseaworthiness claims. Dkt. #12 at 8 (citing *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16 (1963)). From these sources, Defendant argues that allowing the declaratory judgment action to go forward in this case would potentially prejudice his right to have a jury make relevant findings of fact related to his maintenance and cure claim. Dkt. #12 at 8–12. Pointing to cases within this District and beyond, Defendant argues that the weight of authority strongly supports dismissing or staying this action as a matter of course. Dkt. #12 at 9–12 (citing *Belle Pass Towing Corp. v. Cheramie*, 763 F. Supp. 1348 (E.D. La. 1991); *Coastal Alaska Premier Seafoods, LLC v. Redfern*, No. 18-345JCC, 2018 U.S. Dist. LEXIS 81813, 2018 WL 2216191 (W.D. Wash. May 15, 2018); *Ocean Alaska, LLC v. Hutchison*, C07-294JLR, 2008 U.S. Dist. LEXIS 116712, 2008 WL 313394 (W.D. Wash. Aug. 4, 2008)).

ORDER – 3

Plaintiff does nothing to rebut Defendant's argument that a different rule or standard applies in the context of this case. The cases cited by Defendant do strongly support dismissal or a stay in the context of federal declaratory judgment actions and parallel state court Jones Act and unseaworthiness claims. But in many of those cases, the courts determined whether to exercise jurisdiction or defer to parallel state court proceedings by weighing "considerations of practicality and wise judicial administration," in accordance with *Wilton*, and considerations of "judicial administration, comity, and fairness," in accordance with *Camberlain*. Ultimately, the Court need not decide whether a different rule or standard applies in this case as dismissal or a stay is appropriate even under the ordinary considerations that guide the Court's discretion in exercising jurisdiction over a declaratory judgment action.

Several of the normal considerations do not appear particularly relevant in the context of this case. The parties note that there is little risk of this Court needlessly deciding issues of state law as the issues are all governed by federal law. Dkts. #12 at 12–13; #17 at 9. The parties also believe that the opposing party is forum shopping. Plaintiff prefers to remain in federal court, where it filed its action, and Defendant prefers to litigate in state court, where he filed his action. Dkts. #12 at 13–15; #17 at 10–12. As this will generally always be the case in cases such as this and as nothing egregious tips the scales here, the consideration is of little use.

More helpful are the considerations of avoiding duplicative litigation, piecemeal resolution of disputes, procedural fencing, and the entanglement of the state and federal courts.[2]

---

[2] The parties, separately or jointly, also address whether the declaratory judgment action will violate the spirit of diversity removal provisions, is "defensive," is convenient to the parties, is the only available remedy, will settle the controversy, will clarify and settle the legal relations at issue, and will afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding, and how far the federal action has advanced. Dkts. #12 and #17. The Court finds that these are generally subsumed into the considerations the Court has identified or not particularly relevant to this action.

ORDER – 4

Defendant argues, in sum, that the declaratory judgment action "segregates a single issue related to [Defendant's] maintenance claim from the remaining maintenance issues," will cause duplicative use of certain witnesses and evidence, and will entangle the state and federal courts or present a risk of inconsistent results.³ Dkts. #12 at 15–21; #21 (relying on numerous maritime cases). Plaintiff counters that the declaratory judgment action will resolve an "'arcane' question of maritime law" which can be decided separately and expediently to settle the dispute between the parties on this issue. Dkt. #17 at 12–16 (relying on two maritime cases).⁴

On balance, the Court finds that dismissal or a stay of the federal action is appropriate in this circumstance. The record perhaps supports that the Court *could* maintain jurisdiction and avoid interfering with the state court action. But the record does not establish that the Court *should* maintain jurisdiction in furtherance of practicality, wise judicial administration, comity, and fairness. The federal declaratory judgment action will not resolve the whole controversy between the parties and the state court action will still have to proceed. This is the essence of piecemeal resolution and all disputes related to Defendant's injuries onboard the Scandies Rose

---

³ Defendant also points out that "there is a split of authority between Washington and the Ninth Circuit regarding the standard applied to pretrial motions for maintenance." Dkt. #12 at 20 (citing *Dean v. Fishing Co. of Alaska, Inc.*, 177 Wash.2d 399, 300 P.3d 815, 2013 A.M.C. 2228 (2013) and *Barnes v. Sea Haw. Rafting, LLC*, 889 F.3d 517, 2018 A.M.C. 939 (9th Cir. 2018)). Defendant believes this split motivated Plaintiff to file this action.

⁴ The two main cases relied upon by Plaintiff, in which the court declined to dismiss or stay the federal declaratory judgment action, are distinguishable—as Defendant notes in his Reply. Dkt. #21 at 3. In *Fourth Shipmor Assocs. v. Lee*, 1996 A.M.C. 1695, 1996 WL 468753 (E.D. Cal. Jan. 4, 1996), the court retained jurisdiction where the state court had stayed the maintenance and cure action and the court found there was no evidence of forum shopping and the action was confined to federal law issues which could be quickly resolved. In *First Shipmor Assocs.*, 1993 A.M.C. 2007, 1993 WL 181382, 1993 U.S. Dist. LEXIS 7291 (N.D. Cal. May 26, 1993), the state court action was filed five months after the federal court action, the federal action could be quickly resolved through alternative dispute resolution, and the plaintiff had "already paid the entire disputed amount into the Court's registry."

ORDER – 5

should be resolved in a single state court action.[5] Accordingly, the Court will stay this action pending resolution of the state court action.

## IV. CONCLUSION

Having reviewed Defendant's Motion, along with the remainder of the record, the Court hereby finds and ORDERS:

1. The Defendant's Motion to Dismiss Declaratory Judgment Action. (Dkt. #12) is GRANTED in part.

2. This matter shall be STAYED pending resolution of the state court proceeding.

3. The parties are INSTRUCTED to file a Status Report within 30 days of the completion of the state court proceedings.

Dated this 24th day of October 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that this result is consistent with two prior cases before this Court. *Coastal Alaska Premier Seafoods, LLC v. Redfern*, C18-345JCC, 2018 U.S. Dist. LEXIS 81813, 2018 WL 2216191 (W.D. Wash. May 15, 2018) (Judge Coughenour deciding to stay a federal declaratory judgment action that was filed five days prior to the filing of a state court maritime action); *Ocean Alaska, LLC v. Hutchison*, C07-294JLR, 2008 U.S. Dist. LEXIS 116712, 2008 WL 3103394 (W.D. Wash. Aug. 4, 2008) (Judge Robart deciding to stay a federal declaratory judgment action that was filed more than two months prior to the filing of a state court maritime action).

ORDER – 6